IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VICTAULIC COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. _____ |
| SIGMA PIPING PRODUCTS [2019], LLC, | ) ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Victaulic Company ("Victaulic" or "Plaintiff"), files this Original Complaint for Patent Infringement against Sigma Piping Products [2019], LLC ("Sigma" or "Defendant"), alleging as follows:

**PARTIES**

1. Plaintiff is a corporation fully organized and existing under the laws of the State of Delaware, with a principal place of business located at 4901 Kesslerville Road, Easton, Pennsylvania, 18040. Victaulic is the owner of record of the Patents-in-Suit in this action.

2. Defendant Sigma Piping Products [2019], LLC is a corporation organized under the laws of the State of Delaware. Sigma may be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

**JURISDICTION AND VENUE**

3. This is a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

4. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

5.      This Court has personal jurisdiction over Sigma because Sigma is incorporated in Delaware, and, on information and belief, has committed acts giving rise to this action within and/or directed to this State and this judicial district and has established minimum contacts within the forum such that the exercise of jurisdiction over Sigma would not offend traditional notions of fair play and substantial justice.

6.      Venue properly lies in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and 1400(b) at least because Sigma is a Delaware corporation and therefore resides in Delaware.

7.      Venue is also proper in this District under 28 U.S.C. § 1400(b) because, on information and belief, Sigma does business in this District through established distribution channels, has a regular and established place of business in this District, and/or has committed infringing acts in this District, including one or more acts of offering for sale, selling, using infringing products, or providing service and support to Sigma's customers in this District.

## THE PATENTS-IN-SUIT

8.      On May 27, 2014, United States Patent No. 8,733,799 ("the '799 Patent") entitled "Combination Sealing Member and Pipe Couplings" was issued by the United States Patent and Trademark Office.

9.      A copy of the '799 Patent is attached as **Exhibit A**.

10.     The '799 Patent is assigned to Victaulic and has been at all relevant times. Victaulic is the owner of the '799 Patent with the right to enforce the '799 Patent.

11.     The '799 Patent is in force.

12.     The '799 Patent has been the subject two Petitions for *Inter Partes* Review before the Patent Trial & Appeal Board at the U.S. Patent & Trademark Office challenging its validity

(IPR2016-00276 and IPR2016-0277). Neither proceeding was instituted because the Petitioner failed to show a reasonable likelihood of prevailing on its invalidity challenge.

13. On August 8, 2017, United States Patent No. 9,726,310 ("the '310 Patent") entitled "Combination Sealing Member and Pipe Couplings" was issued by the United States Patent and Trademark Office.

14. A copy of the '310 Patent is attached as **Exhibit B**.

15. The '310 Patent is assigned to Victaulic and has been at all relevant times. Victaulic is the owner of the '310 Patent with the right to enforce the '310 Patent.

16. The '310 Patent is in force.

17. On February 11, 2014, United States Patent No. 8,646,165 ("the '165 Patent") entitled "Method of Securing Pipe Elements End to End" was issued by the United States Patent and Trademark Office.

18. The '165 Patent has been the subject of two Petitions for *Inter Partes* Review before the Patent Trial & Appeal Board at the U.S. Patent & Trademark Office challenging its validity (IPR2016-00278 and IPR2016-00279), which concluded through the issuance of an *Inter Partes* Review Certificate, issued on October 11, 2019, canceling claims 1-6, 8-14 and 16, and finding claims 7 and 15 novel and nonobvious.

19. A copy of the '165 Patent and the *Inter Partes* Review Certificate for the '165 Patent is attached as **Exhibit C**.

## SIGMA'S INFRINGING PRODUCTS

20. Sigma's infringing products include, for example and without limitation, all sizes of products sold as the STABIT Ridgid Coupling and any other models covered by at least one claim of the '799, '310, and/or '165 Patents (collectively, the "Patents-in-Suit") when combined

with mating pipe elements. Sigma's infringing products are collectively referred to hereinafter as the "Accused Products."

21. Sigma's submittal for the STABIT Ridgid Coupling is attached hereto as **Exhibit G**.

22. Upon information and belief, the Accused Products have been and continue to be sold, offered for sale, used, and/or imported in or into the United States by Sigma.

23. Prior to filing this Complaint, on April 3, 2025, Victaulic sent a notice letter to Sigma via email and Fed Ex, identifying the '799, '310 and '165 Patents as being infringed by exemplary Sigma products (including Sigma's STABIT Ridgid Coupling) and demanded cessation of marketing, import and sales of the STABIT Ridgid Coupling and all products similarly infringing the Patents-in-Suit. The April 3, 2025 notice letter also attached a printout of the Sigma brochure for the STABIT Ridgid Coupling, and claim charts for the Patent-in-Suit demonstrating the STABIT Ridgid Coupling practices the claims of the Patents-in-Suit.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,733,799

24. Victaulic incorporates by reference each of the above paragraphs as if fully set forth herein.

25. Upon information and belief, Sigma has directly infringed, and continues to directly infringe, the '799 Patent by importing, making, using, selling, and/or offering for sale products, for example, the STABIT Ridgid Coupling combined with pipe elements, that meet each and every limitation, either literally or equivalently, of at least Claims 1-4, 6, 12, and 17 of the '799 Patent.

26. A non-limiting claim chart showing Sigma's infringement of the '799 Patent by a representative Accused Product is attached as **Exhibit D**. The claim chart is not intended to limit

Victaulic's right to modify the chart or allege that other activities of Sigma infringe the identified claims or any other claims of the '799 Patent or any other patents.

27. Upon information and belief, Sigma has been, and now is, actively and knowingly inducing Sigma's customers or other third parties to directly infringe one or more claims of the '799 Patent, and/or contributes to Sigma's customer's or other third parties' direct infringement of one or more claims of the '799 Patent by selling or otherwise providing the Accused Products to customers or third parties and/or encouraging customers or third parties to use the Accused Products to form infringing products by combining such couplings with pipe elements. *See, e.g.*, Sigma Submittal attached as **Exhibit G**. As described above in paragraph 23, Sigma has been aware of the '799 Patent and this infringement since at least Sigma's April 3, 2025 receipt of Victaulic's infringement notice letter.

28. Upon information and belief, Sigma actively and knowingly encourages the direct infringement of the '799 Patent by instructing and encouraging its customers, users, and buyers to use the Accused Products to connect two pipe elements in end to end relation to form products that meet at least one claim of the '799 Patent. For example, Sigma provides promotional literature that advertise these customers, users, and buyers to use the Accused Products in an infringing manner, providing a mechanism through which the infringers may infringe the '799 Patent, and by marketing the use of the Accused Products in an infringing manner. *See, e.g.,* **Exhibit G** ("STABIT" (i.e., "stab" "it" (the pipe element) into the coupling)).

29. Upon information and belief, Sigma has been contributorily infringing and is continuing to contributorily infringe the '799 Patent by selling or offering to sell the Accused Products (e.g., the STABIT Ridgid Coupling), which constitutes a material part of an invention covered by at least one claim of the '799 Patent. Sigma knows that the Accused Products are

5

especially made or especially adapted for practicing the invention of the '799 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use. There is no substantial non-infringing use of the Accused Products (e.g., the STABIT Ridgid Coupling).

30. Sigma is therefore liable for induced infringement pursuant to 35 U.S.C. § 271(b) and/or for contributory infringement pursuant to 35 U.S.C. § 271(c).

31. Sigma's infringement has damaged and will continue to damage Victaulic, which is entitled to recover the compensatory damages resulting from Sigma's wrongful acts in an amount to be determined at trial, including but not limited to lost profits from lost sales, Sigma's profits for infringing sales, disgorgement, and/or price erosion, and in any event no less than a reasonable royalty.

32. Sigma's infringement has caused, and will continue to cause, irreparable injury to Victaulic, for which damages are an inadequate remedy, unless Sigma is enjoined from any and all activities that would infringe the claims of the '799 Patent.

33. Sigma's infringement has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284. As described above in paragraph 23, Sigma has been aware of the '799 Patent and its infringement since at least Sigma's April 3, 2025 receipt of Victaulic's infringement notice letter. Sigma has infringed and continues to infringe the '799 Patent with full knowledge of that patent and its applicability to Sigma's products. Sigma's conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of their activities. Sigma's infringement is therefore egregious and exceptional and entitles Plaintiffs to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 9,726,310

34.     Victaulic incorporates by reference each of the above paragraphs as if fully set forth herein.

35.     Upon information and belief, Sigma has directly infringed, and continues to directly infringe, the '310 Patent by importing, making, using, selling, and/or offering for sale products, for example, the STABIT Ridgid Coupling combined with pipe elements, that meet each and every limitation, either literally or equivalently, of at least Claims 1, 2, 4, 7 and 9 of the '310 Patent.

36.     A non-limiting claim chart showing Sigma's infringement of the '310 Patent by a representative Accused Product is attached as **Exhibit E**.  The claim chart is not intended to limit Victaulic's right to modify the chart or allege that other activities of Sigma infringe the identified claims or any other claims of the '310 Patent or any other patents.

37.     Upon information and belief, Sigma has been, and now is, actively and knowingly inducing Sigma's customers or other third parties to directly infringe one or more claims of the '310 Patent, and/or contributes to Sigma's customer's or other third parties' direct infringement of one or more claims of the '310 Patent by selling or otherwise providing the Accused Products to customers or third parties and/or encouraging customers or third parties to use the Accused Products to form infringing products by combining such couplings with pipe elements. *See, e.g.*, **Exhibit G**. As described in paragraph 23, Sigma has been aware of the '799 Patent and this infringement since at least Sigma's April 3, 2025 receipt of Victaulic's infringement notice letter.

38.     Upon information and belief, Sigma actively and knowingly encourages the direct infringement of the '310 Patent by instructing and encouraging its customers, users, and buyers to use the Accused Products to connect two pieces of pipe in end-to-end relation to form products

that meet at least one claim of the '310 Patent. For example, Sigma provides promotional literature that advertise these customers, users, and buyers to use the Accused Products in an infringing manner, providing a mechanism through which the infringers may infringe the '310 Patent, and by marketing the use of the Accused Products in an infringing manner. *See, e.g.,* **Exhibit G** ("STABIT" (i.e., "stab" "it" (the pipe element) into the coupling)).

39. Upon information and belief, Sigma has been contributorily infringing and is continuing to contributorily infringe the '310 Patent by selling or offering to sell the Accused Products (e.g., the STABIT Ridgid Coupling), which constitutes a material part of an invention covered by at least one claim of the '310 Patent. Sigma knows that the Accused Products are especially made or especially adapted for practicing the invention of the '310 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use. There is no substantial non-infringing use of the Accused Products (e.g., the STABIT Ridgid Coupling).

40. Sigma is therefore liable for induced infringement pursuant to 35 U.S.C. § 271(b) and/or for contributory infringement pursuant to 35 U.S.C. § 271(c).

41. Sigma's infringement has damaged and will continue to damage Victaulic, which is entitled to recover the compensatory damages resulting from Sigma's wrongful acts in an amount to be determined at trial, including but not limited to lost profits from lost sales, Sigma's profits for infringing sales, disgorgement, and/or price erosion, and in any event no less than a reasonable royalty.

42. Sigma's infringement has caused, and will continue to cause, irreparable injury to Victaulic, for which damages are an inadequate remedy, unless Sigma is enjoined from any and all activities that would infringe the claims of the '310 Patent.

43. Sigma's infringement has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284. As described above in paragraph 23, Sigma has been aware of the '310 Patent and its infringement since at least April 3, 2025. Sigma has infringed and continues to infringe the '310 Patent with full knowledge of that patent and its applicability to Sigma's products. Sigma's conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of their activities. Sigma's infringement is therefore egregious and exceptional and entitles Plaintiffs to attorneys' fees and costs under 35 U.S.C. § 285.

**COUNT III**

**INFRINGEMENT OF U.S. PATENT NO. 8,646,165**

44. Victaulic incorporates by reference each of the above paragraphs as if fully set forth herein.

45. Upon information and belief, Sigma has directly infringed, and continues to directly infringe, the '165 Patent by combining the STABIT Ridgid Coupling with pipe elements in a manner that meets each and every limitation, either literally or equivalently, of at least Claims 7 and 15 of the '165 Patent.

46. A non-limiting claim chart showing Sigma's infringement of the '165 Patent by a representative Accused Product is attached as **Exhibit F**. The claim chart is not intended to limit Victaulic's right to modify the chart or allege that other activities of Sigma infringe the identified claims or any other claims of the '165 Patent or any other patents.

47. Upon information and belief, Sigma has been, and now is, actively and knowingly inducing Sigma's customers or other third parties to directly infringe one or more claims of the '165 Patent, and/or contributes to Sigma's customer's or other third parties' direct infringement

of one or more claims of the '165 Patent by selling or otherwise providing the Accused Products (e.g., the STABIT Ridgid Coupling) to customers or third parties and/or encouraging customers or third parties to use the Accused Products (e.g., the STABIT Ridgid Coupling) in a manner that infringes claims 7 and/or 15 of the '165 Patent. *See, e.g.*, **Exhibit G**. As described above in paragraph 23, Sigma has been aware of the '165 Patent and this infringement since at least Sigma's April 3, 2025 receipt of Victaulic's infringement notice letter.

48. Upon information and belief, Sigma actively and knowingly encourages the direct infringement of the '165 Patent by instructing and encouraging its customers, users, and buyers to use the Accused Products (e.g., the STABIT Ridgid Coupling) to connect two pipe elements in a manner that meet at least one claim of the '165 Patent. For example, Sigma provides promotional literature that advertise these customers, users, and buyers to use the Accused Products (e.g., the STABIT Ridgid Coupling) in an infringing manner, providing a mechanism through which the infringers may infringe the '165 Patent, and by marketing the use of the Accused Products in an infringing manner. *See, e.g.,* **Exhibit G** ("STABIT" (i.e., "stab" "it" (the pipe element) into the coupling)).

49. Upon information and belief, Sigma has been contributorily infringing and is continuing to contributorily infringe the '165 Patent by selling or offering to sell the Accused Products (e.g., the STABIT Ridgid Coupling), which constitutes a material part of an invention covered by at least one claim of the '165 Patent. Sigma knows that the Accused Products are especially made or especially adapted for practicing the invention of the '165 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use. There is no substantial non-infringing use of the Accused Products (e.g., the STABIT Ridgid Coupling).

50. Sigma is therefore liable for induced infringement pursuant to 35 U.S.C. § 271(b) and/or for contributory infringement pursuant to 35 U.S.C. § 271(c).

51. Sigma's infringement has damaged and will continue to damage Victaulic, which is entitled to recover the compensatory damages resulting from Sigma's wrongful acts in an amount to be determined at trial, including but not limited to lost profits from lost sales, Sigma's profits for infringing sales, disgorgement, and/or price erosion, and in any event no less than a reasonable royalty.

52. Sigma's infringement has caused, and will continue to cause, irreparable injury to Victaulic, for which damages are an inadequate remedy, unless Sigma is enjoined from any and all activities that would infringe the claims of the '165 Patent.

53. Sigma's infringement has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284. As described above in paragraph 23, Sigma has been aware of the '165 Patent and its infringement since at least April 3, 2025. Sigma has infringed and continues to infringe the '165 Patent with full knowledge of that patent and its applicability to Sigma's products. Sigma's conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of their activities. Sigma's infringement is therefore egregious and exceptional and entitles Plaintiffs to attorneys' fees and costs under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Victaulic respectfully requests that the Court enter preliminary and final orders, declarations, and judgments against Defendant as are necessary to provide Victaulic with the following relief:

a. Pursuant to 35 U.S.C. § 271, a determination that Sigma has directly infringed one or more claims of the '799 Patent has been infringed, either literally or equivalently;

b. Pursuant to 35 U.S.C. § 271, a determination that Sigma has contributorily infringed, and/or actively induced infringement of the '799 Patent;

c. Pursuant to 35 U.S.C. § 283, an order that Sigma and those in privity with Sigma be preliminarily and permanently enjoined from infringing and/or inducing and/or contributing to the infringement of the '799 Patent;

d. Pursuant to 35 U.S.C. § 284, an award of damages against Sigma adequate to compensate Victaulic for infringement of the '799 Patent including enhanced damages for willfulness, but in no event less than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed by the Court;

e. Pursuant to 35 U.S.C. § 271, a determination that Sigma has directly infringed one or more claims of the '310 Patent has been infringed, either literally or equivalently;

f. Pursuant to 35 U.S.C. § 271, a determination that Sigma has contributorily infringed, and/or actively induced infringement of the '310 Patent;

g. Pursuant to 35 U.S.C. § 283, an order that Sigma and those in privity with Sigma be preliminarily and permanently enjoined from infringing and/or inducing and/or contributing to the infringement of the '310 Patent;

h. Pursuant to 35 U.S.C. § 284, an award of damages against Sigma adequate to compensate Victaulic for infringement of the '310 Patent including enhanced damages for willfulness, but in no event less than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed by the Court;

i. Pursuant to 35 U.S.C. § 271, a determination that Sigma has directly infringed one or more claims of the '165 Patent has been infringed, either literally or equivalently;

j. Pursuant to 35 U.S.C. § 271, a determination that Sigma has contributorily infringed, and/or actively induced infringement of the '165 Patent;

k. Pursuant to 35 U.S.C. § 283, an order that Sigma and those in privity with Sigma be preliminarily and permanently enjoined from infringing and/or inducing and/or contributing to the infringement of the '165 Patent;

l. Pursuant to 35 U.S.C. § 284, an award of damages against Sigma adequate to compensate Victaulic for infringement of the '165 Patent including enhanced damages for willfulness, but in no event less than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed by the Court;

m. Pursuant to 35 U.S.C. § 285, a determination that this is an exceptional case and an assessment of reasonable attorneys' fees against Sigma;

n. An award of pre- and post-judgment interest as permitted;

o. Such other and further relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff Victaulic hereby demands a jury trial, as provided by Federal Rule of Civil Procedure 38, on all claims and issues that are triable to a jury.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Brian P. Egan* |
| OF COUNSEL: | Brian P. Egan (#6227) <br> Anthony D. Raucci (#5948) |
| Colin T. Kemp <br> Surui Qu <br> PILLSBURY WINTHROP SHAW PITTMAN LLP <br> Four Embarcadero Center, 22nd Floor <br> San Francisco, CA  94111 <br> (415) 983-1000 | 1201 North Market Street <br> P.O. Box 1347 <br> Wilmington, DE  19899 <br> (302) 658-9200 <br> began@morrisnichols.com <br> araucci@morrisnichols.com |
| Benjamin L. Kiersz <br> PILLSBURY WINTHROP SHAW PITTMAN LLP <br> 7900 Tysons One Place, Suite 500 <br> McLean, VA  22102 <br> (703) 770-7900 | *Attorneys for Plaintiff Victaulic Company* |

April 11, 2025

Exhibits:

    A: U.S. Patent No. 8,733,799

    B: U.S. Patent No. 9,726,310

    C: U.S. Patent No. 8,646,165

    D: Infringement Claim Chart For U.S. Patent No. 8,733,799

    E: Infringement Claim Chart For U.S. Patent No. 9,726,310

    F: Infringement Claim Chart For U.S. Patent No. 8,646,165

    G: Sigma Submittal For STABIT Ridgid Coupling

    H: Sigma Catalog (excerpt)